**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **VICE DIGITAL PUBLISHING LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**VICE DISTRIBUTION ACQUISITION LLC,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **NO. 3:26-cv-00917** |

**ORDER**

This matter is before the Court on the Motion for Preliminary Injunction and Temporary Restraining Order ("Motion") (Doc. No. 15) filed by Vice Digital Publishing LLC ("Vice"). Upon consideration of the Motion, the Memorandum of Law in support thereof, the Complaint and Exhibits A and B thereto, the Declaration of Samuel Savage (Doc. No. 16-1), and the discussion on the record on July 10, 2026, the Court rules as follows:

1. Vice is likely to succeed on the merits of its claims that Defendant Vice Distribution Acquisition LLC ("VD") has infringed Vice's federally-registered MUNCHIES trademarks and engaged in unfair competition and false designation of origin in violation of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), the Tennessee Trade Mark Act, Tenn. Code Ann. § 47-25-512, and Tennessee common law, and has intentionally interfered with Vice's business relations, by executing and continuing to perform under a license agreement with Netflix Worldwide Entertainment, LLC purporting to convey rights in Vice's MUNCHIES Marks and MUNCHIES-branded content that VD did not own and

had no authority to convey ("License Agreement");

2. Vice will suffer immediate and irreparable injury, loss, and damage before VD can be heard in opposition if VD is not restrained, including continuing loss of control over and dilution of the MUNCHIES Marks and Vice's associated goodwill, loss of Vice's own opportunity to license its MUNCHIES-branded content directly to Netflix, and the risk that proceeds of VD's wrongful conduct will be dissipated before they can be recovered by Vice;

3. Vice has no adequate remedy at law;

4. The threatened injury to Vice outweighs whatever harm the proposed temporary restraining order may cause to VD, which has no legitimate interest in continuing to exploit trademarks and content it does not own under an agreement it had no authority to sign; and

5. The public interest favors issuance of a temporary restraining order.

6. Plaintiff's motion for injunctive relief is **GRANTED.** (Doc. No. 15). Pending further order of this Court, Defendant Vice Distribution Acquisition LLC, its officers, directors, employees, agents, and all persons in active concert or participation with it who receive actual notice of this Order by personal service or otherwise are restrained and enjoined from:

   a. taking any further action to perform, implement, exploit, or enforce the License Agreement, including delivering, producing, authorizing, or facilitating the delivery of any MUNCHIES-branded content to Netflix Worldwide Entertainment, LLC;

   b. representing, directly or indirectly, to Netflix Worldwide Entertainment,

LLC that VD owns, controls, or otherwise has authority to license, sell, or exploit the MUNCHIES Marks or Vice's MUNCHIES-branded content pursuant to the Licensing Agreement; and

c. destroying, transferring, dissipating, encumbering, or otherwise disposing of any monies, fees, license payments, or other consideration received or receivable by VD under or in connection with the License Agreement.

7. Security in the amount of $5,000.00 shall be posted by Vice that complies with Fed. R. Civ. P. 65(c).

8. This Order shall expire fourteen (14) days from the date of entry unless extended by the Court for good cause or with VD's consent, in accordance with Fed. R. Civ. P. 65(b)(2).

IT IS SO ORDERED.

Waverly D. Crenshaw, Jr.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE