**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **VICE DIGITAL PUBLISHING LLC,**<br><br>**Plaintiff,**<br>**v.**<br><br>**VICE DISTRIBUTION ACQUISITION LLC,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 3:26-cv-00917**<br><br>**Judge Crenshaw**<br>**Magistrate Judge Frensley**<br><br>**JURY TRIAL DEMANDED** |

**<u>DEFENDANT'S MOTION FOR CASE-MANAGEMENT CONFERENCE</u>**

Vice Distribution Acquisition LLC ("Vice Distribution") respectfully requests that this Court set a case-management conference to set the deadlines leading to a trial on the merits. As grounds for this motion, Vice Distribution would show this Court that:

1. This Court entered an Order on July 10, 2026 (Doc. 22), restraining certain conduct (the "TRO");

2. The parties scheduled depositions and exchanged written discovery to prepare for a preliminary-injunction hearing;

3. Vice Distribution agreed to extend the TRO through the hearing (Doc. 34);

4. While preparing to take depositions, the parties agreed to engage in mediation, and those efforts are ongoing;

5. Vice Distribution has produced an unredacted copy of the License Agreement attached to the Complaint as Exhibit B. The License Agreement was produced and designated as Confidential pursuant to the terms of the Stipulated Protective Order entered by this Court on August 14, 2026. Although the License Fee is confidential, Plaintiff is aware of the exact amount of the fee;

6. Based on the economic value of the License Agreement relative to the overall financial performance of the joint venture, principles of proportionality counsel against conducting discovery on a narrow basis in order to litigate the preliminary-injunction issue at an evidentiary hearing, then conducting further discovery, and then having a full trial on the merits;

7. Leaving the TRO in place is financially harmful to the joint venture, but spending the money necessary to continue to prepare for the preliminary-injunction hearing and then also preparing for and litigating a trial on the merits would easily surpass the amount of the License Fee;

8. Although Plaintiff's claims have no merit and Vice Distribution cannot imagine a damage theory based on harm that never occurred, the more expedient use of the resources of the parties and the Court is to schedule the deadlines necessary to prepare for a trial on the merits and develop all issues in the case in an orderly fashion, plan for expert witnesses and dispositive motions, and schedule a trial.

WHEREFORE, Vice Distribution respectfully requests that this Court set a case-management conference to set the deadlines leading to a trial on the merits.

Respectfully submitted,

s/ Keane Barger
Tim Warnock (12844)
Keane Barger (33196)
LOEB & LOEB LLP
35 Music Square East, Suite 310
Nashville, TN 37203
(615) 749-8300
(615) 749-8308 (facsimile)
twarnock@loeb.com
kbarger@loeb.com

Linton Mann III (*admitted pro hac vice)*
Karen (Ken) Krmoyan (*admitted pro hac vice)*
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
lmann@stblaw.com
ken.krmoyan@stblaw.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served via the Court's ECF filing system upon:

Kevin P. Hartley
William C. Ferrell
Derrick M. Davis
Trust Tree Legal, P.C.
798 Berry Road, #41400
Nashville, TN 37204
kevin@trusttree.com
bill@trusttree.com
derrick@trusttree.com

*Counsel for Plaintiff*

this the 4th day of September, 2026.

s/ Keane Barger


Case 3:26-cv-00917 Document 45 Filed 09/04/26 Page 3 of 3 PageID #: 236